UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICHARD HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-322-JMS-WGH |
| | ) | |
| MR. KNIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Richard Hamilton was a state prisoner at the time this action was filed and has since been released. He sues three officials employed at the Putnamville Correctional Facility ("Putnamville").

Because of Hamilton's status as a Aprisoner@ as defined by 28 U.S.C. ' 1915(h) at the time the action was filed, the court has screened her complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

**B.**

Hamilton's action is brought pursuant to 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984).

Hamilton presents three claims requiring evaluation.

II.

A.

Hamilton's first claim is that Officer Gist subjected him to cruel and unusual punishment on November 7, 2011. Hamilton alleges that during the breakfast meal Officer Gist woke Hamilton up and Hamilton asked to use the restroom (which would require Hamilton to leave his cell as there was not a toilet in Hamilton's cell). Officer Gist told Hamilton that he needed to wait until Officer Gist finished serving the meal. When Hamilton told Officer Gist that he had to go very badly, Officer Gist told him "too bad" that he shouldn't have come to the BMU.[1] Hamilton then urinated on himself.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 114 S. Ct. 1970, 1976 (1994). To make out an Eighth Amendment claim based on prison conditions, an inmate must show that he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Only extreme deprivations will support an Eighth Amendment claim. *Delaney v. DeTella,* 256 F.3d 679, 683 (7th Cir. 2001). Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of the condition but refuse to take steps to correct it. *Dixon v. Godinez,* 114 F.3d 640, 645 (7th Cir. 1997).

The conditions alleged in claim one of the complaint do not constitute anything remotely approaching a deprivation of the minimal civilized measure of life's necessities. Additionally, there is no suggestion that Officer Gist acted with the necessary and highly culpable deliberate indifference necessary to support a viable claim under the Eighth Amendment. Accordingly, claim one of the complaint is dismissed.

B.

In claim two, Hamilton alleges that Ms. Langdon, a case manager at Putnamville, confined him in the BMU without due process. As a result of his placement in BMU, Ms. Langdon forced Hamilton to complete homework and participate in anger management sessions "in order to get out to population."

The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities

---

[1] Hamilton does not define the acronym BMU.

which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority Ais free to use any procedures it chooses, or no procedures at all@).

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose Aatypical and significant hardship . . . in relation to the ordinary incidents of prison life.@ *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted a stringent interpretation of *Sandin.* In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997).

Insofar as pertinent here, Hamilton=s confinement in BMU did not result an atypical and significant hardship in relation to the ordinary incidents of prison life. Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing unit of the jail does not violate the guarantee of due process. *See Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008). Accordingly, there is no viable due process claim asserted in Hamilton's complaint as to his second claim, which is dismissed as legally insufficient.

## C.

In claim three, Hamilton alleges that Superintendent Knight is deliberately indifferent to inmates in violation of the Sixth, Eighth and Fourteenth Amendments. Hamilton alleges that:

> at night and during feeding the cages are locked and during count there are no tables nor chairs. I have to eat on my bed and be subjected to unsanitary condition the c/os pass out food with no face or hair nets. Also I have to eat off the floor while sitting there's no sinks, toilets or tables in locked cages.

Complaint at p. 3. As with claim one, claim three fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of Hamilton's confinement, either singly or in combination, involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger Eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). It is common sense that while incarcerated a prisoner will be locked in their cell during certain times, such as at night or during

meal times, and prisoners are not entitled to a toilet, sink, and table in their cell. Further, Hamilton's claims of unsanitary conditions are both vague and speculative. There is no allegation that Hamilton has suffered any harm arising from his concerns with sanitation. Claim three is dismissed.

## III.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the federal claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/07/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Richard Hamilton**
**#970839**
**211 S. Mighigan**
**Apt. 310**
**South Bend, IN 46601**